# Wise, *et al.* v. Johnson.

### Assumpsit.

(Decided October 26, 1915.  69 South. 986.)

1. **Arbitration and Award; Subject; Matters Submitted.**—Arbitrators derive their power entirely from the agreement of submission and cannot legally include anything in the award not within the terms and scope of the submission.

2. **Same; Criminal Prosecution.**—Parties cannot make criminal prosecutions or disputes of a criminal nature a subject of arbitration, as they are matters of public concern, and awards including criminal prosecution are void in toto where the matter is not divisible.

3. **Trial; Conflicting Evidence; Directing Verdict.**—Where the evidence is conflicting as to material issues, the question is for the jury, and the court cannot properly direct a verdict.

4. **Arbitration and Award; Matters Submitted; Evidence.**—The evidence examined and held to show such a conflict as to carry the case to the jury on the question whether matters of a criminal prosecution were included in the arbitration and award.

5. **Same; Payment; Time.**—Where an award on arbitration does not specify when the amount awarded is payable, it is payable instanter, and if not paid upon delivery of a copy of the award an action may be brought for its recovery.

6. **Appeal and Error; Review; Objections Below; Necessity; Variance.**—In order to put the court in error requiring a reversal because of a variance between the allegation and the proof, the party complaining must call the matter to the attention of the trial court by some appropriate method.

7. **Arbitration and Award; Construction.**—Where, on the face of the award, it is obvious that it is drawn by one not skilled in legal phraseology, the award will be broadly interpreted to give effect to the intent of the parties, as the law favors arbitrations, avoiding the formalities, delays and expenses of ordinary litigation.

8. **Same.**—Where the award was that defendants keep and work the negro Ed Mosely, and  *  *  *   pay the plaintiffs $150.00, same being the indebtedness of the negro to plaintiff and the damages, it is clear that it means only that defendants should assume the debt of the negro to plaintiff, and that plaintiff should not interfere with the contract of hire between the negro and defendants, and does not fix the status of the negro so as to be void as against public policy.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Action by John A. Johnson and another against Lee Wise and another, to enforce an award. Judgment for plaintiff and defendants appeal. Affirmed.

G. L. COMER, for appellant.  A. H. MERRILL & SONS, for appellee.

PELHMAM, P. J.—The appellees brought suit in the circuit court against the appellants for a sum certain on an award made in writing under a parol agreement to arbitrate certain differences between the parties.  The defendants pleaded the general issue, and a special plea seeking to impeach the award on the ground, as alleged in the plea:

"That among the matters and things submitted to the arbitrators by the parties to this suit, for settlement among said parties, were two criminal prosecutions then pending in Alabama."

The plea more particularly described the criminal prosecutions, and alleged that the settlement of these criminal prosecutions against the parties to the arbitration proceedings formed part of the consideration for making the award.

(1-3) The issue tendered under the special plea on which issue was taken was that, included in the submission of the matters for settlement in the arbitration proceedings, were two criminal prosecutions pending against the parties.  The arbitrators derived their powers entirely from the submission, and should not, and could not, properly and legally include anything in the award not within the terms and scope of the submission.— *Ehrman v. Stanfield*, 80 Ala. 118, 121.  It is well settled, and the proposition is conceded, that disputes of a criminal nature, and criminal prosecutions, are not arbitrable for the reason that they are matters of public concern, and that, when included as one of the subjects for arbitration, and not divisible, the award is void in toto.  The issue before the court, made by the parties on the pleadings is clear-cut on the point that these criminal proceedings were included in the submission, and not that they were improperly considered by the arbitrators as outside matters and included in the award, but that they were so considered under the terms of the agreement as one of the subjects for settlement by arbitration.  On this well-defined issue, the evidence set out in the bill of exceptions is in conflict, and the court properly submitted the issues on that question to the jury and refused the general charge requested by the defendants on the theory that they had proven the allegations of their special plea.  The court is not authorized to give the general charge where there is a material conflict in the evidence, or where there is evidence af-

fording an inference adverse to the right of the party requesting the charge.—*McCormack Co. v. Lowe,* 151 Ala. 313, 44 South. 47; *Fiquette v. Sanders,* 8 Ala. App. 501, 62 South. 325; *Western Union Tel. Co. v. Brazier,* 10 Ala. App. 308, 65 South. 95; *A. G. S. R. R. Co. v. Neal,* 8 Ala. App. 591, 62 South. 554; *Ala. Ins. Co. v. Mobile Ins. Co.,* 81 Ala. 329, 1 South. 561.

(4) Counsel for apellant, in original and supplemental briefs filed in the cause, urgently insist at some length that the evidence was without material conflict, and that the defendants were entitled to the general charge on their special plea alleging that the award was void because among the other matters submitted to arbitration was the settlement of the two criminal cases. A careful reading of the evidence as set out in the bill of exceptions will disclose a decided conflict in the evidence, and the inferences to be drawn from it, on this point. Two of the arbitrators were examined as witnesses. One of them, T. J. Belcher, testified in substance that the parties to the arbitration did not submit any matters pertaining to the criminal prosecutions to arbitration; that "they [the parties] did not submit the law suits [criminal prosecutions] at all; if they did I don't remember it at all. The other arbitrator who was examined as a witness stated ,"I think they submitted" some "little prosecutions" they had with one another; that there was nothing brought out in the evidence before the arbitrators about the prosecutions, so far as the witness could recall, "but of course the arbitrators knew all about that beforehand." The testimony of the parties in interest was in direct conflict, the plaintiffs testifying positively that the criminal prosecutions were not included in the submission, and the defendants with equal positiveness asserting that they were. The witness J. A. Smith testified that the criminal prosecutions were submitted, but it was open to inference from other evidence introduced on the trial for the jury to conclude that this witness was not present at the time the submission was entered into between the parties to it. The evidence, and the reasonable inferences to be drawn from it, is in sharp conflict on the issue tendered under the defendants' special plea, as we read it.

(5, 6) It is further insisted that appellants were entitled to the general charge because the complaint alleges that the award was payable "forthwith," and that the award was introduced in evidence and contained no provision when the amount awarded

[Wise, et al. v. Johnson.]

was payable. When a sum of money is awarded in favor of one party against the other, and no day of payment is fixed (as in this case), it is construed as payable instanter; and, not being paid on delivery of a copy, an action may be brought on the award.—*Ehrman v. Stanfield*, 80 Ala. 118. Nor could the defendants put the court in error requiring a reversal because of a variance between the allegations and proof without calling the attention of the trial court to the alleged variance by proper objection to the evidence.—Supreme Court Rule No. 34, adopted June 23, 1913 (175 Ala. xxi).

(7, 8) The argument of appellants' counsel that the award was void as against public policy because it undertook to fix the status of the negro, Ed. Moseley, is unsound. The award, on its face, shows that it was drafted by a person not skilled in the use of legal phraseology. It is to be broadly interpreted to give effect to the intent of the parties, as the law favors this mode of settling disputes, avoiding the formalities, the delay, and the expense of ordinary litigation. Giving to the award the proper construction under the applicable rules of law, in the light of the transaction disclosed by the record, there is nothing to reasonably base the contention on that the clause referring to the negro laborer, Ed Moseley, makes the award void as against public policy. That clause reads: "That Lee Wise and Walter Wise [appellants] keep and work the negro Ed Moseley, and that the said Lee Wise and Walter Wise shall pay the said Jno. A. Johnson and Jas. A. Johnson [appellees] (150.00), one hundred and fifty dollars, same being indebtedness of the negro Ed Moseley to the Johnsons, and damages."

This clause means no more, construed in the light of the entire proceedings and the whole award, than that the appellees were not to interfere with appellants by asserting any prior rights they might have against appellants' enjoyment of the rights they might have under the subsequent contract they had made with Ed Moseley; and that the appellants were found to be due the appellees $150, debt and damages, based on the amount that was due appellees by Ed Moseley. In other words, the award, in a sense, was a novation as between the parties with respect to the indebtedness of Ed Moseley. It decreed that appellants should assume the indebtedness of Ed Moseley to appellees, and that appellees should not interfere with the new contract of hire they had made with him.

Affirmed.