62 So.2d 235

**FLACK–BEANE LUMBER CO. v. BASS.**

4 Div. 633.

Supreme Court of Alabama.

Dec. 18, 1952.

J. C. Fleming, Elba, for appellant.

Donald F. Colquett, Opp, for appellee.

LIVINGSTON, Chief Justice.

The appeal is from a final judgment for the plaintiff for three hundred dollars, rendered by the Circuit Court of Covington County, Alabama, without the intervention of a jury. The sole assignment of error is the rendition of the judgment.

Plaintiff in the court below, appellee here, sued the defendant for trespass on her land and cutting and removing trees therefrom. The complaint, as originally filed, contained two counts, and to which demurrers were sustained. Plaintiff amended by adding Counts 2–A, 3 and 4. Defendant's demurrers to these added counts were overruled.

Defendant then interposed three pleas. Pleas one and two were, in effect, the general issue. In plea three, defendant attempted to allege matter in confession and avoidance. But as we will later show, plea three was nothing more or less than the general issue also. Defendant's pleas were not tested by demurrer.

To defendant's plea three, plaintiff filed a special replication.

The difficulty here is in determining what issues were presented to the trial court.

The plaintiff, Mrs. R. T. Bass, sued the J. H. Flack Lumber Company, Inc., a Corporation, for trespass on her land, and cutting and removing her timber.

Defendant's plea three alleges, in substance, that defendant did not trespass on the lands of plaintiff, nor did it cut and remove any of her timber; that defendant owned what is known as the J. H. Brown tract of land, and which joined plaintiff's land, and sold the timber on said Brown tract to one Lowell Bell; that Bell went onto the Brown tract of land and cut and removed the timber therefrom; that during the cutting of the timber on the Brown tract, a dispute arose between plaintiff and Bell as to whether Bell had cut over the line and cut some of plaintiff's timber; and that Bell and plaintiff entered into an arbitration agreement, and that in pursuance of said agreement, the arbitrators appointed by the parties rendered a decision to the effect that the timber cut and removed was not on the land of plaintiff. The clear implication of plea three is that if anybody cut plaintiff's timber, it was Bell.

As we view plea three, it is nothing more than a denial by defendant that it trespassed on the land of plaintiff and cut and removed her timber, with the added immaterial allegation that the question of liability for cutting plaintiff's timber had been submitted to arbitrators by plaintiff and one Lowell Bell, and that the arbitrators found that no timber of plaintiff had been cut. The trial court treated plea three as a plea of the general issue, and, we think, correctly so.

But, to plea three, the plaintiff entered a special replication. The replication reiterates that defendant committed the trespass, and further alleges, in substance, that there was an arbitration agreement between plaintiff and defendant, not Bell, but that defendant never intended to abide the award of the arbitrators; and further, that the award of the arbitrators was not responsive to the question presented to them, and not within the terms of the submission.

It is apparent that, other than restating the cause of action set forth in the complaint, and denying that plaintiff and Bell ever entered into an arbitration agreement as stated in defendant's plea three, the replication asserts that plaintiff and defendant entered into a void arbitration agreement, and further, that the award of the arbitrators was not responsive to the arbitration agreement.

Plaintiff's replication to defendant's plea three was not tested by demurrer and the court below proceeded to hear the testimony and render judgment for plaintiff for three hundred dollars ($300).

Plaintiff's testimony tended to show that she owned certain described lands adjoining what is known as the J. H. Brown tract of land; that the line, so far as is here pertinent, between her land and the J. H. Brown tract is an old fence row; that this fence row line was never in dispute at any time pertinent to this controversy; that defendant, acting by and through its agent, Lowell Bell, cut and removed certain trees on plaintiff's side of the old fence row line; that she, the plaintiff, and defendant, acting through Bell as its agent, did enter into a written agreement before a justice of the peace to submit to three arbitrators the question of the value of the trees re-

moved from her side of the acknowledged land line; that the location of the line between her property and the J. H. Brown tract of land was not submitted to the arbitrators; but that, nevertheless, the arbitrators attempted to locate the line between plaintiff's property and that of the J. H. Brown tract, and in doing so, determined that the defendant had not cut over the true line between plaintiff's land and the J. H. Brown tract, and as a consequence, defendant had cut and removed none of plaintiff's timber, and was due plaintiff nothing. Plaintiff also introduced some evidence to the effect that Bell had made the statement that he (meaning Bell as agent for defendant) would not abide by the award of the arbitrators unless the arbitrators had first established the true line between plaintiff's land and the J. H. Brown tract.

On the other hand, defendant's testimony tended to show that it, the defendant, owned the J. H. Brown tract of land, but, that before any timber was cut, defendant sold the timber on said tract to Lowell Bell, and that Bell, for himself, and not as agent for defendant, cut the Brown timber; that during the cutting operation on the Brown land, a dispute arose between plaintiff and Bell as to whether Bell had cut some of plaintiff's timber; that plaintiff and Bell entered into an arbitration agreement to settle the land lines between plaintiff's land and the Brown tract and to fix the amount of damage done plaintiff in the event the arbitrators determined that her timber had been cut and removed by Bell; that the arbitrators in fixing the land line determined that none of plaintiff's timber had been cut.

The Justice of the Peace before whom the arbitration agreement was signed testified that the agreement was made in writing and delivered to him; that he carried the paper in his pocket for so long that the writing—in pencil—became illegible and that he destroyed it. His testimony as to the contents of the written agreement is inconclusive.

■ Certain well-recognized rules of pleading are applicable to the instant case.

In the first place, our cases are to the effect that surplusage in a pleading need not be proved. Penry v. Dozier, 161 Ala. 292, 49 So. 909; Harper v. Griffin Lumber Co., 250 Ala. 339, 34 So.2d 148. As a general rule, no proof is required of allegations which are irrelevant, Birmingham Ry. Light & Power Co. v. Moore, 148 Ala. 115, 42 So. 1024, or unnecessary. Sovereign Camp W. O. W. v. Adams, 204 Ala. 667, 86 So. 737; Birmingham Ry. Light & Power Co. v. Moore, supra; Harper v. Griffin Lumber Co., supra.

Each count of plaintiff's complaint charged the defendant with trespass and cutting and removing her timber. Defendant's plea three denied the allegations of each count of the complaint, and in addition, alleged that the question of liability for cutting plaintiff's timber had been settled by arbitration between plaintiff and one Lowell Bell.

■ As we have said, plea three is nothing more or less than a plea of the general issue, that is, a denial by defendant of the allegations of each count of the complaint. If defendant was not guilty as charged in the complaint, it is immaterial, as to it, who did the acts complained of. The fact, if it be a fact, that plaintiff and another submitted the matter to arbitrators is only evidentiary as to who committed the trespass. It is, of course, unnecessary to plead the evidence by which a fact in issue is to be proved.

■ Another rule often stated in the decisions of this Court is that parties may frame their own issues, and thereby immaterial matters may be made material for that trial. Fraternal Aid Union v. Monfee, 230 Ala. 202, 160 So. 529; Austin v. Clark, 247 Ala. 560, 25 So.2d 415.

■ The defendant having filed only pleas of the general issue, the plaintiff should have joined issue thereon. But plaintiff chose by way of replication to raise the issue made by the arbitration agreement between the parties. The sufficiency or availability of the matters alleged in the replication were in nowise raised by the defendant.

228

The parties themselves have thus raised the issue as to the existence of an arbitration agreement between the plaintiff and defendant, whether the agreement was void, and whether the award was within the terms of the submission for arbitration.

The arbitrators' jurisdiction, or authority to act, is derived from, and limited by, the arbitration agreement or submission, which forms the basis or foundation for their award, and, hence, it is essential that the award conform to, and comply with, the arbitration submission or agreement no matter what its form or kind. 6 C.J.S., Arbitration and Award, § 80, p. 219. Wise v. Johnson, 14 Ala.App. 396, 69 So. 986; Tabor v. Craft, 217 Ala. 276, 116 So. 132.

The judgment entry below contains, among other things, the following:

"The court is of the opinion from the evidence in this case that the defendant committed a trespass upon the lands of the plaintiff as alleged in Count 2A of the complaint and that the plaintiff is entitled to recover her damages therefor.

"It is ordered and adjudged that the plaintiff in this case have and recover of the defendant the sum of $300.00 as damages, * * *."

Upon consideration of the evidence, we are in accord with the judgment of the trial court and it is due to be affirmed. arbitration agreement. We are convinced from the record that defendant committed It is not material as to what view the trial court took of the evidence in regard to the a trespass upon plaintiff's land, as alleged in the complaint, and that the award of the arbitrators did not conform to or comply with the arbitration agreement. It is not material whether the trial court reached the correct conclusion in like reasoning. Cooper v. Hawkins, 234 Ala. 636, 176 So. 329.

Affirmed.

BROWN, FOSTER and LAWSON, JJ. concur.