105 So.2d 71

### WATER WORKS AND SEWER BOARD OF the City of FAIRHOPE,

#### v.

#### M. L. BROWN et ux.

1 Div. 771.

Supreme Court of Alabama.

Sept. 11, 1958.

J. B. Blackburn and Beebe & Swearingen, Bay Minette, for appellant.

Johnston, McCall & Johnston, Mobile, and Chason & Stone, Bay Minette, for appellees.

**98**

MERRILL, Justice.

Appellees brought suit against City of Fairhope and the Water Works and Sewer Board of the City of Fairhope for damages to their home caused by its flooding with sewage. The trial court gave the general charge for City of Fairhope, and submitted the cause to the jury as to appellant. The jury returned a verdict in favor of appellees for $1,500.

This cause was here previously as the result of a nonsuit taken by the present appellees when the demurrer to their complaint was sustained. We reversed and remanded, Brown v. City of Fairhope, 265 Ala. 596, 93 So.2d 419. The cause was tried on the identical counts as set out in that case and we will not reproduce them here.

Appellant contends that additional grounds of demurrer filed to the complaint were improperly overruled. No grounds of demurrer are argued as to Count One. All of the grounds argued in brief are to Count Two. They raise the question that Count Two does not allege that appellant had knowledge of any defect in its sewer system or that such defect had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of appellant. It is appellant's contention that the complaint should substantially follow the language of Title 37, § 502, Code 1940, which relates to the liability of a municipality for negligent acts of its agents, servants or employees.

█ On the previous appeal we held the complaint stated a good cause of action and we adhere to that opinion. It is sufficient to state that the additional grounds of demurrer argued on this appeal were properly overruled. In City of Bessemer v. Chambers, 242 Ala. 666, 669, 8 So.2d 163, 165, we said:

"* * * While by section 502, Title 37, supra, the neglect, carelessness or unskillfulness must be that of an agent, officer or employee of a city, a count charging such negligence to the city is sufficient compliance. This was held in City of Birmingham v. Norwood, 220 Ala. 497, 126 So. 619."

The other argued assignment of error charges that the court erred in refusing the appellant's written requested affirmative charge with hypothesis. It is urged that this charge should have been given for the reasons that there was a variance between the allegations and the proof and appellees failed to prove the allegations of either count of the complaint.

■ As to the variance, appellant states that the complaint charges that both the City of Fairhope and the Water Works and Sewer Board or their agents or employees negligently caused damage to appellees' property. Appellant then argues that since the general charge was given for the City of Fairhope, there was no evidence that the city negligently did anything, or that any employees who may have been negligent were employed by both defendants. Both our statute and case law reject this contention. Title 7, § 139, Code 1940, provides:

"When a suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one or more, but is liable to costs to those against whom he does not obtain judgment."

The distinction between joint and separate liability is clearly explained in F. W. Woolworth Co. v. Erickson, 221 Ala. 5, 8, 127 So. 534, 536:

"Appellant insists it was entitled to the affirmative charge.

"One theory for this insistence rests upon a failure of proof or a fatal variance. The proof showed that the store was that of appellant, and defendant Sprague was in its employ as manager. Counsel for appellant insist that the complaint shows a joint operation of, or a joint proprietorship in, the store, and therefore a joint duty and liability, and that as the proof discloses an operation of the store by defendant Woolworth Company only, there could be no liability against either defendant. Conceding (without deciding) the correctness of this construction of the complaint, the result insisted upon does not follow.

" 'It is a well-settled rule of law that in actions of tort against two or more defendants jointly, where the proof fails as to any one, a verdict may be rendered against the other or others as to whom the proof is sufficient without thereby in law constituting a variance.' Southern Ry. Co. v. Arnold, 162 Ala. 570, 50 So. 293, 295. 'In actions ex delicto a joint liability need not be proved, and consequently a misjoinder of defendants will not defeat a recovery against any or either proved guilty.' Lovelace v. Miller, 150 Ala. 442, 43 So. 734, 735, 11 L.R.A.,N.S., 670, 14 Ann.Cas. 1139. Section 5720, Code 1923, authorizes a recovery against one or more defendants jointly sued. Rich v. Brewer, 205 Ala. 343, 87 So. 323.

"As to suits on joint contract a different rule prevails (Haines v. Cunha, 217 Ala. 73, 114 So. 679), and in actions of tort there is an exception to the general rule where the action is for a negligent performance of, or a negligent failure to perform, a duty arising out of a contract. In such case the averment of the contract from which the alleged duty springs is made a material allegation which must be proven, as charged, or else a fatal variance results. Hackney v. Perry, 152 Ala. 626, 44 So. 1029; Coal City Mining Corporation v. Davis, 17 Ala.App. 22, 81 So. 358.

"But the instant case comes within the general rule and not the exception thereto. The affirmative charge requested upon a contrary theory was properly refused, as well also several special charges resting upon a like theory, and as to which we deem separate treatment unnecessary."

Appellant contends that neither count was proved because of the failure to prove that "the sewer system was jointly operated by the two defendants" or that "the servants, agents or employees referred to in said counts were the servants, agents or employees of both defendants." These contentions have already been answered adversely to appellant in the discussion of the alleged variance.

■ There was evidence, if believed, to support the verdict. The cause was prop-

erly submitted to the jury. There was no motion for a new trial. In Street v. Street, 246 Ala. 683, 688, 22 So.2d 35, 39, it was said:

"The authorities are to the effect that, when considering the general charge requested and refused, the question of the weight of evidence is not before the Supreme Court, in the absence of a motion for new trial predicated thereon. The question to be considered is whether or not the evidence, or a reasonable inference therefrom, was sufficient to warrant the submission of the facts to the jury, under the pleading. McMillan v. Aiken, 205 Ala. 35, 88 So. 135."

■ It is also urged that the general charge should have been given because the following allegation in each count was not proved:

"And Plaintiffs allege that a statement of said claim was filed with each of said defendants within six (6) months after May 27, 1954, and that said claim was thereafter disallowed by the defendant, City of Fairhope, a municipal corporation, and the other defendant has failed or refused to pay the same."

Title 37, § 476, Code 1940, provides:

"All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim, or shall be barred; claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."

This section was discussed in Town of Linden v. American-La France & Foamite Industries, 232 Ala. 167, 168, 169, 167 So. 548, 549, and it was stated:

"The presentation for payment to the clerk, under the statute, section 1907, Code, is in the nature of a nonclaim and matter to be presented as a defense. Complaints and counts are not required to aver such presentment as a prerequisite to the commencement of such a suit. If a suit is begun within the time, it is sufficient presentation —that is, within the limitation pertaining to such an action."

The instant suit was filed within the time prescribed by statute.

■ Appellant argues that we should apply § 504 of Title 37 and § 476 together. § 504 has no application here. It applies to claims against municipalities for personal injuries, not property damage as claimed in the instant case. In City of Huntsville v. Goodenrath, 13 Ala.App. 579, 585, 68 So. 676, 678, the court said:

"Section 1275 (now Tit. 37 § 504) of the Code is by its express terms confined in its operation to claims or demands against a city for personal injuries received; and, while it has been held that a compliance with its requirements as to filing a sworn statement of the claim or demand with the city authorities is a prerequisite to the right of bringing a suit thereon and must be averred (Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63; City of New Decatur v. Chappell, 2 Ala.App. 564, 56 So. 764), yet such section has no application to the case at bar for the reason that this action is not founded upon a claim or demand for personal injuries, but for injury to property. Such a claim or demand as the latter falls within the provisions of section 1181 (should be § 1191) of the Code, which likewise requires a filing of a statement of it with the city authorities; but in construing the section it has been held both by this court and the Supreme Court that the section is similar to the statute of nonclaim applicable to administrators, and that a failure to file the claim is defensive matter properly available only by plea. Anderson v. City of Birmingham, 177 Ala. 303, 58 So. 256; City of Birmingham v. Darden, 1 Ala.App. 479, 55 So.

1014. Hence it was not necessary for the complaint in this case to allege a filing of a statement of the demand sued on with the city authorities before bringing suit."

It follows that if it was not necessary to allege the filing of the claim with the city in the complaint, the allegation was surplusage and required no proof. Surplusage in a pleading need not be proved and generally no proof is required of irrelevant or unnecessary allegations. Flack-Beane Lumber Co. v. Bass, 258 Ala. 225, 62 So. 2d 235, and cases therein cited.

It is certain that it was not necessary to prove the filing or presentation of a claim to City of Fairhope, because it received the affirmative charge; and no authority is cited which requires the filing of any claim with the appellant prior to instituting suit.

There being no reversible error presented, the decree of the circuit court is affirmed.

Affirmed.

LAWSON, SIMPSON and GOODWYN, JJ., concur.