## Johnson Unemployment Compensation Case.

608

Argued September 9, 1958. Before Rhodes, P. J., Hirt, Wright, Woodside, Ervin, and Watkins, JJ. (Gunther, J., absent).

W. J. Krencewicz, for appellant.

Sydney Reuben, Assistant Attorney General, with him Thomas D. McBride, Attorney General, for appellee.

Opinion by Hirt, J., November 14, 1958:

The claimant had been employed by J. R. Bazley for a total of 19 months. His last day of work was November 22, 1957. He was a truck driver and had been on highway construction work for his employer at Jim Thorpe and on completion of that contract at Krumsville, Pennsylvania. Jim Thorpe was 40 miles

from his home and Krumsville, 50 miles. He drove to his work daily during the whole period of his employment. On November 22, 1957 on completion of the highway at Krumsville he was instructed to report to his employer's highway construction work in York, Pennsylvania. This job site was 115 miles from his home. He refused the transfer and quit his job although work would have been available to him indefinitely there.

During the summer of 1957 claimant had worked for his employer in York for about 3 months, and with overtime had earned about $100 per week. He roomed at a Y.M.C.A. there and spent only weekends with his family at his home in Nuremburg. He refused to resume work in York in the present instance for these reasons, advanced by him in this appeal: The distance from his home to the York job was too great for daily travel; his rate of pay was $1.67½ per hour and he said he was paid only for time actually worked; he was apprehensive that during the winter, work would be interrupted by unfavorable weather and for that reason he would be unable to support his family with his net earnings. The testimony on behalf of the employer was that work had been available to other employes at York at least four days each week following claimant's last day of work. And other employes whose situation was similar to that of claimant worked on the York job. The bureau, the referee and the board all denied benefits under §402(b) of the Unemployment Compensation Law (43 PS §802), on the view that claimant's unemployment was due to voluntarily leaving work without good cause."

In a statement signed by the claimant which he gave to a representative of the bureau he had stated: "At the time I was hired by Bazley I knew that I would be transferred to various points as jobs were com-

pleted." And before the referee claimant admitted that when he took the job he knew that Bazley, as a highway construction contractor, would have jobs in various parts of the State and that it would be necessary for him "to go wherever the jobs were."

Here the burden was on the claimant of proving circumstances (in the light also of his employment contract) which amounted to good cause for quitting his job. *Smith Unemployment Compensation Case,* 167 Pa. Superior Ct. 242, 74 A. 2d 523. What constituted good cause, sufficient to justify a claimant in voluntarily leaving his work, must meet the standards of common sense; "good cause exists only when it has its basis in good faith": *Horning Unempl. Compensation Case,* 177 Pa. Superior Ct. 618, 112 A. 2d 405. In *Kaylock Unemploy. Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801, there was dissatisfaction by the claimant with the work schedule as changed by the employer and its resultant effect on his earnings. In that case we affirmed the decision of the board on the ground that claimant did not meet the burden on him of showing that he acted in good faith in leaving his employment. In *Horning Unempl. Compensation Case,* supra, also, we held that a change in claimant's work schedule did not supply good cause for voluntarily leaving his work. In general, dissatisfaction with earnings which may not equal the amount anticipated does not constitute good cause under §402(b). *Goldstein Unempl. Compensation Case,* 181 Pa. Superior Ct. 255, 124 A. 2d 401. Cf. also *Nygren Unempl. Compensation Case,* 184 Pa. Superior Ct. 138, 132 A. 2d 727, in which we held that a claimant was not justified in refusing work as unsuitable under 4(t) of the Law, 43 PS §753(t) because the rate of pay in the proffered work was but 40% of what claimant had been earning.

Plaintiff has not met the burden on him of proving that he quit his job for good cause under §402(b) of the Act.

Decision affirmed.