114 So.2d 274

Virginia C. STEWART

v.

DEPARTMENT OF INDUSTRIAL RELATIONS.

8 Div. 579.

Court of Appeals of Alabama.

June 30, 1959.

Rehearing Denied Aug. 18, 1959.

384

T. J. Carnes, Albertville, for appellant.

J. Eugene Foster and Richard S. Brooks, Montgomery, for appellee.

CATES, Judge.

This is an appeal from a judgment of the Marshall Circuit Court denying a claim for unemployment compensation benefits.

Mrs. Stewart worked in the Saratoga Victory Mill in Albertville as a battery

hand on cotton looms. Her duties were to replace quills (bobbins) of thread as the looms used them up. She was paid by the hour.

Ownership of the mill changed hands and a different type of quill was put in. The work load of a battery hand was raised from 88 batteries to 100 and then to 153. There was some evidence that the change in the work arrangements made a battery hand's job lighter.

Mrs. Stewart first claimed she quit work because she had too much work, although on cross-examination in the circuit court she said her real reason for leaving was that her "boss" was cussing her. Samples of this language were:

"Why in hell I couldn't keep it up and everything like that."

" * * * some terrible language. I wouldn't repeat it."

"What the hell is wrong. Are you getting so damned old you can't run your job?"

"He wanted to know where I had been and get up off my damn you know what and go to work."

Mrs. Stewart contends that this language gave her a good cause to quit and that this cause was connected with her work. She also pointed out that while she did not use this on her initial claim form, nevertheless on the next step she testified to it before the appeals referee.

The mill had given out a book as to taking up complaints with the ascending levels of management, but though Mrs. Stewart took it home she did not read it.

■ Failure to comply with an employment rule or practice is not a failure to comply with the Unemployment Insurance Act, Code 1940, Tit. 26, § 180 et seq., unless that statute provides therefor. However, if the rule is reasonable and no excuse is shown for not following it, failure to comply can be evidence of a wilful disregard of the consequences.

■ The burden was on Mrs. Stewart to show good cause connected with her work. Avondale Mills v. Burnett, 268 Ala. 82, 106 So.2d 885. It has been said that a good cause must be based on good faith. Johnson v. Unemployment Compensation Board of Review, 187 Pa.Super. 607, 146 A.2d 152.

"* * * A claimant who neglects to take those precautions to guard his job which a reasonably prudent person would have taken has, in effect, left his employment voluntarily * * *." Junda v. Unemployment Compensation Board of Review, 188 Pa.Super. 254, 146 A.2d 344, 347.

■ Mrs. Stewart, according to the evidence, did nothing to get her boss's language corrected by his superiors. From her failing to show it was futile to try to do this, the court below could reasonably have inferred that she was indifferent as to whether or not she worked.

Affirmed.

### On Rehearing

■ The judgment recites the trial court was of the opinion that (1) Mrs. Stewart [during her claim weeks] was available for work, (2) she left her work voluntarily, and (3) she failed to show good cause connected with the work. This third finding disqualified her under Code 1940, T. 26, § 214, subd. B, as amended.

■ The judgment merely states that Mrs. Stewart failed to meet the burden of proof. We, on review, ascribe the ruling to any one or more of the tendencies of the legal evidence, which, independently or jointly, support the result below. Cooper v. Hawkins, 234 Ala. 636, 176 So. 329; Flack-Beane Lumber Co. v. Bass, 258 Ala. 225, 62 So.2d 235, 238 ("It is not material whether the trial court reached the correct conclusion in like reasoning.") See also Florida Central R. Co. v. Schutte, 103 U. S. 118, 26 L.Ed. 327.

Mrs. Stewart admitted on cross-examination that she originally signed an unem-

ployment claim stating that she had been forced to quit because she had too much work to do. Again, when she appealed in writing from the claims examiner's decision she gave the same reason.

 At the time of the trial in the circuit court, Mr. Williams, her boss, no longer worked at the mill. He did not testify. On this hearing Mrs. Stewart stated that her true reason for leaving was Williams's abusive language. The change of reason from too much work to too much cussing would have been enough to affirm. Inconsistency of this sort properly goes to credibility. Stahmer v. State, 125 Ala. 72, 27 So. 311 (tax assessment value of $800.00 proper to impeach $650.00 estimate). The judge in a nonjury trial is the sole judge of the credibility of a witness who testifies orally before him.

We cannot say the trial judge ignored the book. It is not an exhibit before us. That Mrs. Stewart got a copy is undisputed. The general counsel for the Department read from it and predicated at least one question to her on cross-examination upon the pertinent suggestion about taking up complaints "with management."

Application overruled.