This is an unemployment compensation case.
The Board of Appeals of the Department of Industrial Relations denied the employees' claim for benefits. Pursuant to Code of Ala. 1975 § 25-4-95, the employees appealed to the Circuit Court of Marshall County. After a de novo hearing, the trial court awarded benefits and the Department appealed.
The dispositive issue on appeal is whether the payment of wages by checks drawn on insufficient funds constitutes good cause for voluntarily terminating employment. We hold that it does and affirm.
Viewing the record with the attendant presumption of correctness, we find the following: The employees worked for the Albertville Flower Shop between December, 1976 and June, 1977. During this time, each employee received a number of payroll checks drawn on insufficient funds.
The record indicates that although the checks would not have been honored by the bank upon which they were drawn, the employees successfully cashed the checks with third parties who subsequently were required to present the instruments to the bank two or more times in order to receive payment.
After more than six months of this practice, the employees terminated their jobs. At the time of the termination, the employees did not inform the employer that the checks were being returned for insufficient funds; however, the record reveals that other employees had, on other occasions, complained to the shop owner concerning the problem. On these occasions, the owner had taken the checks back and paid the employees in cash.
As we noted above, after unsuccessfully claiming benefits, the employees appealed to the circuit court. The trial court, after hearing the foregoing facts, found that the employees had terminated employment for good cause and awarded benefits.
On appeal, the Department contends that the employees are disqualified for benefits because they left employment without good cause. Specifically, it is argued that in situations such as this, an employee must prove that the payroll checks in question are "worthless checks," as that term is defined in Alabama's Worthless Check Act, Code of Ala. 1975 §§ 13-4-110 etseq. in order to constitute reasonable cause for leaving employment. It is further contended that once these employees in fact successfully negotiated the checks for cash to third party merchants, the checks were no longer "worthless" as to them. Thus, it is contended the employees left work without good cause. We disagree. *Page 291 
At the outset, we observe that in order to be eligible for unemployment compensation benefits, § 25-4-78 requires an employee to terminate employment for a reasonable cause, i.e., a cause that is material and substantial under the circumstances. Department of Indus. Relations v. Mann,35 Ala. App. 505, 50 So.2d 780 (1950), cert. stricken, 255 Ala. 201, 50 So.2d 786 (1951). In determining whether the reason to terminate is sufficient, the applicable test is whether an average or normal worker would have similarly terminated employment under the facts. Ex parte McCleney, 286 Ala. 288,239 So.2d 311 (1970); Andala Co. v. Ganus, 269 Ala. 571,115 So.2d 123 (1959).
With respect to the Department's contention, we are unable to agree that the employee has the burden to prove that the employer violated the criminal provisions of the Worthless Check Act in order that the employee show employment was terminated for good cause.
It is not reasonable for an employee to constantly question whether his payroll check will be honored by the bank upon which it is drawn. More importantly, it is not reasonable for an employee, as an endorser of the instrument, to suffer embarrassment in the event the bank returns the instrument to the merchant who cashes it for the worker. Clearly, where such a situation exists, the worker has a substantial and material reason for terminating employment.
The Department additionally contends that because the employees failed to give the employer notice that the checks were drawn on insufficient funds and the attendant opportunity to remedy the situation, they left employment without good cause. The Department relies upon Stewart v. Department ofIndus. Relations, 40 Ala. App. 383, 114 So.2d 274 (1959), as authority for the proposition that notice to remedy an objectionable employment practice must be given before an employee may terminate work for good cause. While there is no doubt that this is the holding in Stewart, the facts in the instant case show that the employer in fact had knowledge that payroll checks were drawn on insufficient funds. As we noted above, other employees had complained of the problem on past occasions and the objectionable practice continued.
For the foregoing reasons, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.