This is an unemployment compensation case.
In December 1975 claimant was employed to work for Moman's Optical Dispensary in Gadsden, Alabama by Mrs. Juanita Moman. At the time of her employment, claimant testified that she was told by Mrs. Moman that she would be paid a weekly wage of $150, that she would receive a raise in salary at the end of three months, and that she would receive another salary increase at the end of six months. She was also told that when the business became a profit making venture, she would receive eight percent of the net profit.
Claimant testified the business prospered and she received the increases in salary as promised; but, upon inquiry of Mrs. Moman, after about five months on the job, as to when she would receive the eight percent of net profit she had been promised at the beginning of her employment, claimant testified that she was told by Mrs. Moman there was no such agreement. The next day, so claimant testified, Mrs. Moman reported to her that the agreement was "a" percentage of the profits, not eight percent. Shortly after being told by Mrs. Moman that the profit sharing arrangement was a percentage rather than eight percent, as she had originally understood, claimant quit her job without notice.
Mrs. Moman testified that she agreed to give claimant a percentage of the profit at the end of each year, but denied that she agreed to give claimant eight percent of the profits each year. Upon being asked what amount of profits she meant by "a" percentage of the profits, Mrs. Moman replied that as the business grew, claimant would grow; that claimant would share in the profits of the business. She never told claimant what "a" percentage of the profits meant.
After claimant terminated her employment at Moman's Optical Dispensary, she *Page 1051 
applied for unemployment compensation benefits. Her request was denied, and she appealed to the Circuit Court of Etowah County. After a de novo hearing the trial court found for claimant on the ground that she had left her employment for good cause, that she was not disqualified from receiving benefits, and that she had been available for work during the period for which she was entitled to benefits. The Department appeals.
Appellant argues that the trial court erred in finding that claimant had met her burden of proving that she had good cause to quit her job. Claimant replies that she did meet the burden cast upon her to prove that she quit her job for good cause, the good cause being the failure and refusal of her former employer to honor the agreement for her to receive eight percent of the annual net profits of the business.
Section 25-4-78, Code of Alabama 1975, provides in part:
 An individual shall be disqualified for total or partial unemployment:
. . . . .
 (2) VOLUNTARY DEPARTURE FROM WORK. — If he has left his most recent bona fide work voluntarily without good cause connected with such work.
The phrase "good cause" as used in § 25-4-78 has been defined as, "substantial reason; just ground for such action; adequate excuse that will bear the test of reason; and always the element of good faith." Dwight Mfg. Co. v. Long, 36 Ala. App. 387, 56 So.2d 685 (1952).
It is admitted by claimant that she voluntarily quit her job; therefore the burden falls on her to convince the court that she had good cause connected with her work for so leaving.
The following statement appearing in 81 C.J.S. SocialSecurity § 232 (1977) was quoted with approval in AlabamaTextile Products Corporation v. Rodgers, 38 Ala. App. 206,82 So.2d 267, cert. den. 263 Ala. 698, 82 So.2d 270 (1955):
 "`A substantial reduction in earnings is generally regarded as good cause for leaving one's employment, and, hence, one who leaves for such reason is not disqualified for unemployment compensation on the ground of leaving his work voluntarily without good cause; but in this connection the surrounding circumstances should be considered in determining whether a particular reduction in pay constitutes good cause for leaving one's employment.'"
In the case at bar the evidence showed that claimant contended that she had been promised eight percent of the annual net profits of the business in addition to weekly salary and periodic raises. She stated that based on her selling experience in the optical glass business and based on the quick growth of Moman's Optical Dispensary, her share of the profits figured at eight percent per annum would be worth between $2,000 and $5,000. She stated this was the incentive for leaving Pearl Vision, where she was making $145 per week plus a commission on glasses sold, to go to work for Moman's Optical Dispensary.
When a case is heard orally before the court sitting without a jury, the court's findings are presumed correct unless it is shown to be clearly contrary to the great weight of the evidence. Department of Industrial Relations v. Jaco, Ala.Civ.App., 337 So.2d 374 (1976).
Here, the trial court heard and saw the witnesses testify, and it was for the court to say whether the claimant had sustained the burden cast upon her to prove that she had good cause for leaving the employ of Moman's Optical Dispensary. The court found that claimant had good cause for leaving her job, and we cannot say that the great weight of the evidence preponderates against such a finding. We therefore affirm the judgment of the trial court.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1052