The opinion as to this appeal, which was issued on May 15, 1985, is corrected on *Page 520 
rehearing, and the following is substituted therefor:
This is an unemployment compensation case.
The employee had worked as a seamstress for her employer for five years. She was paid on a piece rate basis. She quit her job because of an increase in minimum production which she was required to meet. In the judgment of the employee, her weekly wages would have been reduced by the new rates or schedules from a gross of $210 to $180.
The employee was familiar with the contract between the local union and the employer. That contract applied equally to union and non-union employees. This employee did not belong to the union. The contract contained this provision:
 "When the potential earnings of an operator are affected as a result of reorganized work methods, the Shop Steward and Union Committee and the Company Engineer will meet in an attempt to resolve questions relating to earning differentials for the particular operation in question. The Union shall have the right to send personnel from its Engineering Department into the plant to make surveys and time studies for jobs where rates are in dispute and in consultation with the Company Engineer or Plant Manager aid in the working out of satisfactory piece rates. . . ."
That is known as "re-engineering."
The contract also contained detailed grievance procedures whereby an employee who had a difference, dispute, or controversy with the employer could submit a grievance or complaint in writing to the plant manager. Various steps were further established by the contract for the settlement of an employee's grievance or complaint.
Mr. Long was one of the managers of the employee. He was the first and the only person in management to inform the employee of the change in production rates, and he was the only such person in authority with whom she discussed that matter. When asked by the employee as to why the rates could not be re-engineered, he replied that he did not know. The employee quit her job on the day following that conversation with Mr. Long.
The employee did not ask any person from the union to request re-engineering. She made no formal re-engineering request of anyone and did not discuss re-engineering with management except for the above limited conversation with Mr. Long.
Since the re-engineering provision in the contract admittedly was not followed by the employee, the trial court held that the employee was not entitled to receive unemployment compensation. The trial court terminated further evidence because of such admission by the employee, the other evidence being merely cumulative.
There was little or no dispute in the evidence since the only witness was the employee. While the ore tenus rule usually applies in unemployment compensation cases, that rule has minimal application in this case because the material facts are substantially undisputed. Ex parte Flowers, 435 So.2d 76 (Ala. 1983).
The employee is disqualified from receiving unemployment benefits if she left her employment voluntarily without good cause connected with her work. Ala. Code (1975), § 25-4-78 (2). A "test of good cause is whether it is reasonable when measured by what the average or normal worker would have done under similar circumstances." Andala Co. v. Ganus, 269 Ala. 571, 572,115 So.2d 123, 125 (1959). This employee did not act reasonably in leaving her work on the next day after being informed that the minimum production rate had been increased without first attempting to remedy the dispute by filing a written grievance or complaint seeking re-engineering pursuant to the terms of the contract. The re-engineering provision and the grievance procedures were reasonable. While the failure of an employee to comply with an employment rule or practice is not a failure to comply with the unemployment compensation act, if the rule is reasonable and no excuse is shown for not following it, the failure to comply may be evidence of a *Page 521 
willful disregard of the consequences. Department of IndustrialRelations v. Curenton, 42 Ala. App. 242, 160 So.2d 14 (1964);Stewart v. Department of Industrial Relations, 40 Ala. App. 383,114 So.2d 274 (1959). We paraphrase some of the language of theStewart opinion so as to apply it to the present case. The employee, according to her own admission, did not follow the reasonable rules and procedures governing her employment. From her failure to show that it was futile to try to obtain re-engineering through a written grievance, the trial court could have reasonably inferred that she was indifferent as to whether or not she worked. Stewart, 40 Ala. App. at 385,114 So.2d at 276. That is especially true since she quit her job the day after being first informed of the new production quotas.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.