RICHARD L. HOLMES, Retired Appellate Judge.
This is an unemployment compensation case.
Sharon Lockett was employed as a nursing assistant at the Jefferson County Nursing Home (nursing home), which is located at Ketona. On July 18,1992, Lockett’s immediate supervisor, a licensed practical nurse, accused Lockett of striking a patient at the nursing home.
Thereafter, the State Board of Health placed Lockett’s name on an “abuse registry,” and Lockett was terminated from her employment with the nursing home.
Lockett applied for unemployment compensation benefits. An examiner for the State Department of Industrial Relations (Department) determined that Lockett was disqualified from receiving unemployment compensation benefits because she was “discharged or removed from [her] work with [the nursing home] for physical abuse of a patient in [her] care, which constitutes an act endangering the health and safety of others committed in connection with [her] work.” See Ala.Code 1975, § 25-4-78(3)a.
Lockett filed an appeal to the appeals referee. The appeals referee held a hearing and affirmed the decision reached by the examiner for the Department. Lockett filed an application for leave to appeal to the Board of Appeals, which was denied.
Lockett appealed the decision of the Board of Appeals to the circuit court for a trial de novo, pursuant to Ala.Code 1975, § 25-4-95. The circuit court held a trial de novo and determined that “[Lockett was] disqualified from receiving unemployment compensation under the provision of Section 25-4-78(3)a.”
Lockett filed a post-trial motion, which was denied.
Lockett appeals.
The dispositive issue is whether there is sufficient evidence to support the trial court’s judgment in favor of the Department.
We recognize that because Lockett is the claimant, she has the burden of proving her eligibility for unemployment compensation benefits. Security Engineers, Inc. v. Dep’t of Industrial Relations, 414 So.2d 975 (Ala.Civ.App.1982). It is well settled in an unemployment compensation case that when the trial court, sitting without a jury, hears the evidence presented ore tenus, its findings *612 are presumed correct and will not be disturbed on appeal unless it appears that the findings are clearly adverse to the great weight of the evidence. State Dep’t of Corrections v. Stokes, 558 So.2d 955 (Ala.Civ. App.1990).
A statement of the evidence was prepared by the trial court for the purpose of consideration of Lockett’s appeal to this court. Our review of this statement of the evidence reveals the following: Lockett testified that the patient hit her in the stomach without warning, but she does not deny that she struck the patient. Lockett’s immediate supervisor testified that she saw Lockett raise her hand above her head with her fist clenched and then saw Lockett’s arm and fist descend toward the patient. The supervisor stated that while she could not see the blow being struck, she heard the sound of the blow.
In light of the above, we find that there was evidence to support the trial court’s judgment in favor of the Department. Therefore, the trial court’s judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.