CRAWLEY, Presiding Judge.
The State Department of Industrial Relations (“DIR”) appeals from a summary judgment in favor of Michael Barber determining that Barber terminated his employment voluntarily but for good cause and that he was, therefore, entitled to unemployment-compensation benefits.
The facts are undisputed. Barber was an employee and the sole shareholder of American Lumber & Home Mart, Inc., until the business closed its doors and discontinued all operations on February 28, 2003. Barber attributed the failure of the business to several factors, including “interior theft problems,” two customer bankruptcies, and market dominance by the large “chain stores.” When Barber decided to close his company, the business was failing, it had no inventory, it was without resources to purchase inventory, and it owed a $300,000 tax liability to the State of Alabama.[1] If Barber had not closed the business, the State Department of Revenue would have “shut it down” for failure to pay tax levies. On the advice of his accountant, Barber closed the business eight weeks before it was scheduled to be closed by the State Department of Revenue.
Section 25-4-78(2), Ala.Code 1975, provides that an individual is disqualified from receiving unemployment-compensation benefits “[i]f he has left his most recent bona fide work voluntarily without good cause connected with such work.” Because Barber admitted that he had voluntarily left his employment, he had the burden of establishing that he left for “good cause connected with [his] work.” See Department of Indus. Relations v. Lynch, 370 So.2d 1050, 1051 (Ala.Civ.App.1979).
This court has defined “reasonable cause,” the equivalent of “good cause,” as a reason that is “material and substantial *314 under the circumstances,” State Department of Industrial Relations v. Prance, 369 So.2d 289, 291 (Ala.Civ.App.1979), or as a reason that provides “ ‘just ground for action; [an] adequate excuse that will bear the test of reason; and always [includes] the element of good faith,’ ” Department of Industrial Relations v. Lynch, 370 So.2d at 1051 (quoting Dwight Mfg. Co. v. Long, 36 Ala.App. 387, 389, 56 So.2d 685, 686 (1952)). See generally Sonja Larsen, Annotation, “Employee’s Control or Ownership of Corporation as Precluding Receipt of Benefits Under State Unemployment Compensation Provisions,” 23 A.L.R.5th 176 (1994).
DIR relies on Davis v. Sherer, 381 So.2d 643 (Ala.Civ.App.1980), for its argument that Barber did not have good cause for leaving his employment and that he is thereby disqualified from receiving unemployment-compensation benefits. Barber relies on Director, Department of Industrial Relations v. Ford, 700 So.2d 1388 (Ala.Civ.App.1997), for his argument that he did have good cause and that he is thus entitled to benefits.
In Davis v. Sherer, the claimant was the sole stockholder, president, and manager of one bottling company and a principal stockholder of another bottling company before he decided to sell his interest in both companies, with knowledge that he would not continue working for the solely owned company after he disposed of his shares. The claimant’s only reason for selling out was that the machinery and equipment in his plant were antiquated. Reversing a decision awarding the claimant unemployment-compensation benefits, this court held that the claimant did not have good cause to leave his employment.
In Director, Department of Industrial Relations v. Ford, the claimant was the president, manager, and sole stockholder of a contracting company whose business had sustained major losses after two floods in four years. In addition, the company’s primary customer, the United States Army installation at Fort Rucker, had altered its procedure for awarding contracts — an alteration that adversely affected the claimant’s business. The claimant testified that the company had experienced substantial losses for the preceding three years, that he “knew that the bank would soon foreclose,” and that closing the business “was his only recourse short of filing for bankruptcy protection.” 700 So.2d at 1390. Holding that the claimant had left his employment for good cause, this court affirmed a circuit court’s reversal of an administrative order denying unemployment-compensation benefits. Judge Thompson, writing for the court, distinguished Davis v. Sherer on its facts, concluding that “mere aging of business equipment” was not equivalent to the failure of a business for purposes of establishing good cause. 700 So.2d at 1391.
The facts in the present case are more closely aligned with Director, Department of Industrial Relations v. Ford than with Davis v. Sherer. The judgment of the Etowah Circuit Court is therefore due to be upheld.
AFFIRMED.
THOMPSON, MURDOCK, and BRYAN, JJ., concur.
PITTMAN, J., dissents, with writing.

. Barber explained that he had reduced his $300,000 tax liability to $95,000 by selling off his inventory.