■ In the Matter of GARRY S. LUBIN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. — SWEENEY, J. Appeal from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from receiving benefits effective March 29, 1969 on the ground that he voluntarily left his employment without good cause. The sole question presented on this appeal is whether there is substantial evidence in the record to support the board's decision. We believe there is. Claimant testified he left his employment because he was not satisfied with the wages or the working conditions, and there is no evidence of any circumstance developing during the course of his six months employment which would have justified his refusal of employment in the first instance. On these facts, we cannot disturb the board's finding. (*Matter of Palmieri* [*Catherwood*], 33 A D 2d 588; *Matter of Sellers* [*Catherwood*], 13 A D 2d 204.) Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Sweeney, J.

■ CHARLES EHRHARDT, Respondent, v. JANET RAMPANT et al., Appellants. — SWEENEY, J. Appeal from an order of the Supreme Court at Special Term, entered January 6, 1969 in Schenectady County, which permitted plaintiff to serve an amended bill of particulars. This action arises out of an automobile accident that occurred on June 27, 1963. The action was timely commenced and a bill of particulars was served on November 3, 1964. The case was placed on the deferred calendar on September 11, 1967 and removed on September 10, 1968. It was later reached for trial but postponed because of illness in plaintiff's family. The parties agreed it would be tried during the November 1968 Term. Prior to this term plaintiff served the amended bill of particulars in question claiming a herniated disc. Defendants rejected it. On plaintiff's motion, Special Term granted him permission to serve the amended bill of particulars. Defendants contend that they have been prejudiced by being compelled to accept the bill of particulars so close to trial, and further that the physicians' supporting affidavits are insufficient. We find no merit in either of these contentions. The original bill of particulars alleged " a possible herniated nucleus pulposa ". This was sufficient to alert defendants of a herniated disc and remove the possibility of any surprise. The affidavits of the physicians are based on personal knowledge and diagnose plaintiff's condition as a herniated disc attributed to the June 27, 1963 accident. We believe Special Term was well within its discretion in compelling defendants to accept the amended bill of particulars. (*Marshall* v. *Zimmerly's Express*, 30 A D 2d 929; see *Ackerman* v. *City of New York*, 22 A D 2d 790.) Order affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.