ROXANNE DERDOSKI v. PECK, INCORPORATED.
COMMISSIONER OF MANPOWER
SERVICES, RESPONDENT.

224 N. W. 2d 517.

December 13, 1974—No. 44636.

*Doherty, Rumble & Butler, Suzanne E. Flinsch,* and *John J. McGirl, Jr.,* for relator.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, and *Gary C. Reiter,* Special Assistant Attorney General, for respondent commissioner.

PER CURIAM.

The issue here presented is whether employee's failure to resume employment with relator following a maternity leave was a voluntary termination of employment, without good cause attributable to her employer, which relieved the employer from

having its experience-rating account charged for her unemployment compensation benefits. A claims deputy of the Department of Manpower Services (now designated the Department of Employment Services) held in favor of the employer and was affirmed by the appeal tribunal of the department. The commissioner of manpower services reversed the appeal tribunal, and we reverse the decision of the commissioner.

Employee, Roxanne Derdoski, commenced employment with relator, Peck, Incorporated, on October 6, 1971, in its packaging department and was subsequently transferred to the converting department. She failed to report for work after June 10, 1972, because she was pregnant and was feeling ill. Peck offered to assign Mrs. Derdoski to lighter work which she refused to accept. Mrs. Derdoski was in her third month of pregnancy and although she experienced headaches and high blood pressure, she was not advised by her doctor to discontinue work.

On June 27, 1972, she asked for and secured a 6-month leave of absence which Peck made effective on June 10, her last day of work, and ending December 12. Her child was born on December 8, 1972. Mrs. Derdoski testified that on December 10 she advised Peck she would not be able to report on the date her leave of absence terminated. Peck's personnel manager testified that in fact that conversation occurred on December 20 and that he offered her employment in a different department at a reduction in salary, which she refused.

The claims deputy found that Mrs. Derdoski on June 10, 1972, "voluntarily and without good cause attributable to the employer," discontinued her employment with Peck when she did not return from her leave of absence. Accordingly, although she received unemployment compensation benefits, they were held not chargeable to Peck's experience-rating account.

On appeal, the department's appeal tribunal found, among other things, that Mrs. Derdoski was unable to report for work on December 10 because she was confined in a hospital with her baby. The tribunal held:

"* * * The fact that claimant was unable to report for work on the termination of her pregnancy leave of absence on December 10, 1972, at this time was no fault of the employer and neither did the employer offer her, nor did she request, an extension of the leave of absence. Her failure to report for work on December 10, 1972 must be deemed to be a voluntary discontinuance of her employment without good cause attributable to the employer."

On review, the commissioner of manpower services, held:

"In this case the employer placed the claimant on a six months maternity leave status during the third month of her pregnancy and by so doing must have known that it would be impossible for the claimant to return to work at the expiration of her maternity leave if her pregnancy was normal in duration.

"Under these circumstances a maternity leave should have included the period up to the anticipated date of birth and also a reasonable period of time for the claimant's recuperation prior to her return to work. It is, therefore, concluded that the claimant was involuntarily separated from her employment for reasons other than misconduct.

"DECISION: On December 10, 1972, the claimant was involuntarily separated from her employment for reasons other than misconduct; she is not disqualified for benefits; her maximum benefit amount is not reduced because of said separation from employment; and benefits paid, if any, to the claimant shall be charged to the employer's experience rating account."

The statute which governed at the time Mrs. Derdoski terminated her employment in June 1972 was Minn. St. 1971, § 268.09, subd. 1(1,2), which provided in part as follows:

"An individual shall be disqualified for benefits:

"(1) If such individual voluntarily and without good cause attributable to the employer discontinued his employment with such employer * * *.

* * * * *

"(2) If such individual is separated from his employment because of pregnancy * * *."[1]

Although they did not have the force of law, guidelines on sex discrimination in employment issued by the Department of Human Rights suggested the following policy:..

"The employer is required to give the pregnant female employee up to six months maternity leave of absence whether or not leave of absence is granted for illness."

As we read the statutes then in effect, Peck was under no obligation to grant Mrs. Derdoski a leave of absence and had it not done so it would have suffered no penalty. However, Peck did grant a leave of absence as suggested by the Department of Human Rights. The fact that Mrs. Derdoski was physically incapable of resuming work on December 10 imposed no liability on Peck to rehire her at a later date. The duration of her incapacity was not determined. The commissioner cites no authority, and we are aware of none, which required Peck to keep Mrs. Derdoski's position open until she was capable of performing her duties. We therefore hold that the determination of the claims deputy and appeal tribunal refusing to charge the employer's experience-rating account with benefits paid Mrs. Derdoski was correct, and the decision of the commissioner to the contrary is reversed.

Reversed.

---

[1] Minn. St. 268.09, subd. 1(2), has subsequently been amended to provide in part as follows: "An individual shall be disqualified for benefits:

\* \* \* \* \*

"(2) If such individual voluntarily leaves employment because of pregnancy without availing herself of maternity leave rights provided by law * * *." L. 1973, c. 599, § 9.