■ In the Matter of the Claim of Maria Ferrara, Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 6, 1974, which adopted and affirmed a referee's decision disqualifying the claimant from benefits but modified the ground of disqualification by finding that she had brought about the termination of her employment through misconduct. The original disqualification of claimant for benefits by the respondent and as sustained by the referee, was that the claimant was disqualified because of a voluntary leaving of employment without good cause by provoking her discharge. At the hearing held before the referee on June 24, 1974 the claimant was the sole witness, the employer having advised the hearing section that he was unable to attend and not having requested an adjournment. In accordance with the claimant's testimony, the referee found that when she was hired she was told "that she could work on a five day a week basis, after she learned the details of the job." The claimant's training was completed in about two months but thereafter she did not request that her work-week be reduced to five days per week and she had worked on a 5½ day week basis for approximately two years until May 20 (a Monday), 1974. The claimant testified that on May 20, 1974 "I just told him that I wanted to go back to the schedule that we had agreed upon when I took the job", and, "I told him that I * * * wanted Saturday off again". She also testified that on the following day, Tuesday, "he said he let me go." In a summary of interview dated June 3, 1974, the claimant had stated that "he informed me the next day [May 21, 1974] that if I couldn't work Saturday, he didn't need me at all." In the referee's decision dated June 28, 1974, he found that "The credible evidence establishes that the claimant left her job for personal and non-compelling reasons, and hence, without good cause." He also found that claimant "knew or should have known, that if she told the employer that she would no longer work on a 5½ days per week basis, she would lose her employment." Following the referee's decision, the claimant gave notice of appeal to the board and the employer submitted a letter dated July 20, 1974 which stated that everything said by the claimant at the hearing was true; that it was not "essential for her to be in the office for the half day on Saturday, but my first reaction was to fire her". Following the submission of that letter by the employer, it is apparent that *if* there had been any issue of credibility before the referee, there was no such issue before the board and accordingly, the present decision cannot be sustained as one based upon "credible evidence" utilizing the theory that the board is the sole arbiter of issues of credibility. It is to be noted that upon the claimant's appeal, the board in its decision erroneously considered the letter by the employer as being merely argument for purposes of appeal when it is quite clearly evidentiary in nature, having been submitted by a person having personal knowledge of the facts and being in support of the claimant's testimony at the hearing. Subsequent to the referee's decision and prior to the decision of the board, the Court of Appeals decided the case of *Matter of James (Levine)* (34 NY2d 491). Accordingly, the board correctly considered the issue in the case as being whether or not the record before it established that the claimant had lost her employment by virtue of misconduct. In *Matter of*

*James (Levine) (supra,* p 496) the court in effect noted that misconduct was something other than inefficiency, negligence, and bad judgment. In a prior case arising under the now discredited doctrine of having voluntarily left employment without good cause by provoking one's discharge, this court noted that "there must be substantial evidence of such conduct which clearly, under ordinary circumstances, should be expected by the claimant to result in a dismissal or to support the employer's claim of provocation." *(Matter of Raven [Levine],* 40 AD2d 128, 130.) While the present record would indicate that it might have been bad judgment for the claimant to expect her employer to now honor his original commitment to a five-day working week, nevertheless, there is no substantial evidence to support the finding by the referee that she was without good cause in attempting to assert the undisputed original terms of her employment. While it can be argued that she was attempting to change what had become an ordinary condition of her employment, there is a lack of substantial evidence to support a conclusion that the claimant either knew or should have known that her attempt to rely upon the employment contract would result in her termination from employment. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.