■ In the Matter of the Claim of ROBERT MURPHY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed July 26, 1974, which reversed a referee's decision and sustained the respondent's initial determination that the claimant was disqualified from benefits on the ground that he voluntarily left his employment without good cause by provoking his discharge. The doctrine of provoked discharge was narrowly limited by the Court of Appeals in *Matter of James (Levine)* (34 NY2d 491). The decision herein being reviewed was handed down by the board some two weeks thereafter. At the hearing held before a referee in this matter, the claimant and his immediate supervisor agreed that, at about 4:30 P.M. on February 15, 1974, they engaged in a telephone conversation wherein the claimant told the supervisor that he could not complete the job before the end of his regular work day (5:00 P.M.) and the supervisor ordered the claimant to complete the work regardless of time or he was through. The claimant refused to work overtime and he was thereupon immediately discharged. The supervisor conceded that the claimant had told him that he did not have the proper equipment with him to make the machine operate as it should. The record clearly establishes that the claimant did refuse to complete a work assignment in spite of a warning that if he did not work overtime, he would be discharged. Nevertheless, the record does establish that the employment contract did not anticipate overtime work unless an emergency situation existed and the board so found. The record does not disclose exactly what would constitute an emergency situation, but it is well established that, as to the particular dental equipment at issue, there was no emergency which under any rationalization would have required overtime. On a service invoice form of the employer the claimant set forth that he needed additional equipment to complete the work and it also contains a statement that he worked from 3:00–5:00 P.M. which service form was signed

by the dentist. The findings of the board are inadequate to establish misconduct on the part of this claimant. (Cf. *Matter of James [Levine]*, *supra,* p 498.) Since this case is not one wherein there is substantial evidence to support a finding that overtime per se was a general condition of the employment, the decision must be reversed for a lack of substantial evidence which would support a disqualification from benefits. (Cf. *Matter of Ferrara [Levine]*, 48 AD2d 750.) The referee very aptly stated the problem: "While the employer's right to dismiss claimant is unquestioned, based upon this resolution of the factual issue I find that claimant was not subject to disqualification." Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Herlihy, P. J., Kane, Main, Larkin and Reynolds, JJ., concur.