■ In the Matter of the Claim of AGNES B. SMITH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective October 24, 1972 because she voluntarily left her employment without good cause. Involved here is the question of whether or not the claimant had a promise of future employment when she gave up her position at the Rockland State Hospital and the attendant questions of credibility. What constitutes good cause under subdivision 1 of section 593 of the Labor Law is a factual determination for the board, and its resolution may not be disturbed, if supported by substantial evidence (Matter of Famulare [Catherwood], 34 AD2d 705). Likewise, questions of credibility are within the sole province of the board, and its findings must be sustained, if supported by substantial evidence (Matter of Weber [Catherwood], 32 AD2d 697). The record here discloses substantial evidence in support of the board's findings. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of HOWARD OXENDINE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 3, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective November 16, 1974 because he voluntarily left his employment without good cause. Claimant, a handyman who worked in a building owned by the employer realty company, quit his job because the employer stopped permitting him to work overtime. Claimant had a base 40-hour week at $5

per hour. His quitting because of the absence of overtime work amounts to a dissatisfaction with his salary which he would not have been justified in refusing in the first instance, wherefore the board was entitled to conclude that his reasons for leaving his job were personal and noncompelling (*Matter of Lubin [Catherwood]*, 34 AD2d 591). Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.