BOB H. SCOTT v. THE PHOTO CENTER, INC.
COMMISSIONER OF EMPLOYMENT SERVICES, RESPONDENT.

235 N. W. 2d 616.

November 14, 1975—No. 45383.

*Rufer, Hefte, Pemberton, Schulze & Sorlie* and *Robert J. Sefkow,* for relator.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, and *Louis K. Robards,* Special Assistant Attorney General, for respondent commissioner.

PER CURIAM.

Writ of certiorari to review a decision of the commissioner of employment services holding that claimant was not disqualified from receiving unemployment compensation benefits pursuant to Minn. St. 268.09 because, although he voluntarily terminated his employment, he did so with good cause attributable to his employer. We affirm.

The first issue is whether there is substantial evidence to support the commissioner's finding that a change from a fixed salary to a commission method of determining wages insisted upon by employer would have resulted in a 25-percent wage cut. We hold that there is substantial evidence to support that finding.

The second issue is whether claimant had good cause for terminating his employment or is disqualified as one who voluntarily terminates

his employment "without good cause attributable to the employer" under Minn. St. 268.09, subd. 1(1).

In three cases we have considered the issue of disqualification where a claimant either quit work because of a pay reduction in his regular job or, when faced with a layoff, refused to accept an alternate job at a reduction in salary. Lewis v. Minneapolis Moline, Inc. 288 Minn. 432, 181 N. W. 2d 701 (1970); Hessler v. American Television & Radio Co. 258 Minn. 541, 104 N. W. 2d 876 (1960); Bowman v. Troy Launderers & Cleaners, Inc. 215 Minn. 226, 9 N. W. 2d 506 (1943). Although none of these cases is factually similar to this case, they support the general rule that a substantial pay reduction gives an employee good cause for quitting. See, Broden, Law of Social Security and Unemployment Insurance, § 11.06; Annotation, 100 A. L. R. 2d 1057; 81 C. J. S., Social Security and Public Welfare, § 170.

We hold that the commissioner did not err in concluding that this was a substantial reduction giving claimant good cause to terminate. In Bunny's Waffle Shop v. California Unemployment Comm. 24 Cal. 2d 735, 151 P. 2d 224 (1944), the California Supreme Court held that a 25-percent reduction in wages constituted good cause for quitting a job. Because the record supports the finding that this reduction prompted claimant to leave his employment, we affirm the commissioner's decision refusing to disqualify claimant.

Affirmed.