This is an unemployment compensation case.
The Board of Appeals for the Department of Industrial Relations of the State of Alabama found that claimant-appellee voluntarily left her employment for good cause and awarded unemployment compensation benefits. The circuit court agreed with the board of appeals and the employer-appellant appeals. We affirm.
At the outset, we note that this court, on review, will ascribe the ruling of the trial court to any one or more of the tendencies of the legal evidence which, independently or jointly, support the result below. See Stewart v. Department ofIndustrial Relations, 40 Ala. App. 383, 114 So.2d 274 (1959).
So viewing the record before this court, we find the following:
The claimant began her employment with the employer on October 31, 1972, as an office manager. Claimant took the position with the understanding and assurance that she would be able to work approximately 10 hours per week overtime. Specifically, there is testimony by the claimant that she took this job instead of another because of the guarantee of overtime work. She also testified that the loss of overtime was the basis of her leaving work.
An interviewer for the State of Alabama Employment Service testified that claimant accepted the job with Tombigbee solely because of the representation that she would be working overtime. Her pay records indicate that she did so work overtime for approximately 2 years.
On December 16, 1974, appellee was informed that, due to economic conditions, overtime would no longer be allowed. Prior *Page 1390 
to this time, she was making $3 per hour and, as noted above, working at least 10 hours per week overtime. Her wages rarely fell below $165 per week and were in most instances above this figure.
After December 16, 1974, claimant was given a raise to $3.25 per hour but, as indicated above, was allowed to work only 40 hours per week. At this wage scale, she was making $130 per week. Claimant continued to work for approximately three months after this reduction in hours and wages, but then left her work.
Tit. 26, § 214, Code of Alabama 1940 (1973 Cum.Supp.), states in pertinent part that:
 "An individual shall be disqualified for total or partial unemployment.
. . . . .
 "B. If he has left his most recent bona fide work voluntarily without good cause connected with such work." [Emphasis supplied.]
The law in Alabama is settled in that a substantial reduction in earnings is regarded as good cause for leaving one's employment. See Andala Company v. Ganus, 40 Ala. App. 455,115 So.2d 119 (1958), rev'd on other grounds 269 Ala. 571,115 So.2d 123 (1959); Alabama Textile Products, Corp. v. Rodgers,38 Ala. App. 206, 82 So.2d 267 (1955); 81 C.J.S. Social Security
§ 232 (1977).
In this case, claimant's earnings were reduced from at least $165 per week down to a maximum of $130 per week. Such a reduction in wages could constitute a substantial reduction. See Scott v. Photo Center, Inc., 235 N.W.2d 616 (Minn. 1975);Robertson v. Brown, 139 So.2d 226 (La.App. 1962); Bunny'sWaffle Shop v. California Unemployment Commission, 24 Cal.2d 735, 151 P.2d 224 (1944).
It is clear that the loss of earnings was a result of the loss of overtime. As able counsel for appellant points out, the elimination of overtime was the result of a general economic depression at that time. Appellant further points out that due to this economic depression, such a reduction in earnings would not constitute good cause for claimant to leave her job.
In Oxendine v. Levine, 49 A.D.2d 784, 372 N.Y.S.2d 255
(1975), the court said that an employee had left his job without good cause when the employer stopped permitting him to work overtime. However, in that case the employee was hired on a 40-hour per week basis.
When the basis of employment includes the guarantee of overtime, such as in the present case, an employee can leave his job with good cause when the employer eliminates his overtime. See Murphy v. Levine, 49 A.D.2d 653, 370 N.Y.S.2d 264
(1975).
The motivation of the employer in eliminating overtime is immaterial, in this instance, when the basis of employment centered around the guarantee of overtime.
Furthermore, the employer argues that claimant did not suffer a substantial reduction in wages because her wages after December 16, 1974, were considerably more than those when she was first employed and therefore there is no reduction. The proper inquiry, as to whether there has been a substantial decrease, should focus on the wages immediately before the reduction and those immediately after.
Employer's contention that claimant voluntarily left without good cause because she was unhappy that an additional employee was hired is without merit. Viewing the evidence as noted above, there is ample evidence to the contrary.
The judgment is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
 ON REHEARING
Able and distinguished counsel for appellant in his brief in support of his application for rehearing charges that this court gave a presumption of correctness of the finding of *Page 1391 
the trial judge; that the trial judge was not entitled to such presumption as the evidence was presented to the trial court by stipulation.
This court was, of course, aware that the evidence, while in conflict, was presented below by way of stipulation.
This court did not in its original opinion ascribe to the trial court a presumption of correctness as contended by appellant. This court did note in its original opinion that this court, on review, will ascribe the ruling of the trial court to any one or more of the tendencies of the legal evidence which, independently or jointly, support the result below. We believe this principle to be applicable in this instance and reaffirm its applicability to the instant appeal.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and BRADLEY, J., concur.
 *Page 73