■ In the Matter of the Claim of John Paulsen, Appellant. Philip Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 7, 1977, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits, effective December 21, 1976, on the ground that he lost his employment through misconduct in connection therewith. By initial determination,

claimant, a platform worker for a trucking firm, was disqualified from receiving benefits on the ground that he lost his employment due to misconduct. The basis of this determination was claimant's alleged presence on company property when not working, in direct disregard of company and union policy. The referee, in a decision filed February 28, 1977, overruled the initial determination. The matter was submitted to arbitration and, in the arbitrator's decision dated March 11, 1977, it was concluded that claimant was under the influence of liquor on company premises during working hours and, consequently, was discharged for just cause. The employer submitted this arbitration decision to the board on appeal from the referee's decision together with affidavits of two witnesses describing the events on the night in question. The appeal board, in its findings of fact, cited the arbitrator's decision, restating the conclusion reached therein. It was determined by the board that the claimant was on the employer's premises during working hours in an intoxicated state. In its determination, the board noted it significant that the arbitrator's decision was in accord with the evidence before the board. The decision of the referee was reversed by the board and the initial determination disqualifying claimant from receiving benefits due to misconduct was sustained. Claimant contends that the board improperly considered the arbitrator's decision. We agree. Subdivision 3 of section 621 of the Labor Law provides that the appeal board may decide any case appealed to it "on the basis of the record and of evidence previously submitted in such case, or it may in its discretion hear argument or hold a further hearing, or remand such case to a referee for such purposes as it may direct". It is provided by regulation that the board will not consider any evidence not introduced at the hearing unless all parties consent or it is made a part of the record at a further hearing (12 NYCRR 463.1 [f] [1]). No such consent on the part of claimant to consideration of the arbitrator's decision is revealed in the record. Accordingly, the board erred in considering the arbitrator's decision, which is clearly evidentiary in nature, prior to its being introduced into the record at a further hearing (see *Matter of Ferrara [Levine]*, 48 AD2d 750). The matter must be remitted, therefore, for further proceedings. Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Herlihy, JJ., concur.