■ In the Matter of the Claim of ROBERT L. FLOYD, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of

the Unemployment Insurance Appeal Board, filed May 16, 1978, which reversed a decision of the referee and disqualified claimant from receiving benefits, effective December 6, 1977, on the ground that he lost his employment through misconduct in connection therewith. Claimant, a ladle operator, was suspended in September, 1977 for violation of a rule of his employer prohibiting the carrying of concealed weapons. The weapon involved was a double edged hunting knife. He was reinstated under certain conditions, one such condition being that he not carry the knife in question on his person. The employer's personnel relations representative testified that three foremen observed claimant on December 1, 1977 carrying the double edged hunting knife outside a foreman's office. No witness who observed claimant in possession of the knife on December 1, 1977 testified at the hearing. Claimant testified that on the day in question he did not have the knife in his hands nor was he carrying the knife because of the previous incident which resulted in his suspension. The board found that claimant brought the hunting knife on the employer's premises on December 1, 1977, and determined that he was discharged for violating the employer's rules concerning the carrying of concealed weapons. Consequently, the board concluded that claimant was guilty of misconduct in connection with his employment and disqualified him from receiving benefits. On this appeal, claimant contends that the board's decision is based solely on hearsay evidence and, therefore, the determination is not supported by substantial evidence. There is no testimony at the hearing by any of the three foremen who allegedly observed claimant carrying the knife. Written statements by the three foremen describing their observations of claimant with the knife were submitted to the board on appeal after the referee's decision was filed. No consent by the claimant to such submission appears in the record. The board, therefore, was precluded from considering the statements prior to their being introduced into the record at a further hearing (Matter of Paulsen [Ross], 65 AD2d 908). Absent the foremen's statements, there is, in our view, a lack of substantial credible evidence in the record to support the board's determination (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176). Accordingly, the decision of the board must be reversed. Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.