This is an unemployment compensation case.
The Board of Appeals of the Department of Industrial Relations granted the employees' claim for benefits. Pursuant to § 25-4-95 of the Alabama Code 1975, the employer appealed to the Circuit Court of DeKalb County. After a de novo hearing, the trial court awarded benefits and the employer appealed. *Page 86 
The facts in this case are not in dispute. The employees were seamers in the employer's plant. The employer instituted a new sewing method which changed the production rate of the employees and caused a reduction in their pay. The reductions in pay for the three employees ranged from $100.00 a month to $132.00 a month. After being informed of the change in production rate, the three employees quit their jobs.
At the outset, we note that when a case is heard orally before the court sitting without a jury, the court's findings are presumed correct unless shown to be clearly contrary to the great weight of the evidence. Department of IndustrialRelations v. Lynch, Ala.Civ.App., 370 So.2d 1050 (1979).
The employer argues that the employees should be statutorily disqualified from receiving benefits because the employees voluntarily left work without good cause. Code of Alabama 1975, § 25-4-78.
The law in Alabama is settled that a substantial reduction in earnings is regarded as good cause for leaving one's employment. Tombigbee Lightweight Aggregate Corp. v. Roberts, Ala.Civ.App., 351 So.2d 1388 (1977).
In Roberts, the employee's earnings were reduced from at least $165 per week down to a maximum of $130 per week. We found this to be a substantial reduction in pay.
In the present case, the reductions in pay for the employees varied, the lowest reduction being $100 and the highest $132 per month. We think such a reduction could constitute a substantial reduction.
The trial court found that the employees had good cause for leaving their jobs, and we cannot say that the great weight of the evidence preponderates against such a finding. We therefore affirm the judgment of the trial court.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.