WRIGHT, Presiding Judge.
This is an unemployment compensation case.
Frances Elaine Carlisle (claimant) filed a claim for unemployment compensation benefits with the Department of Industrial Relations of the State of Alabama (department), after she voluntarily stopped working for the Holy Name of Jesus Hospital. The department denied her claim based on § 25-4-78(2), Code of Alabama 1975. The claimant appealed that determination to the Circuit Court of Etowah County. After an ore tenus hearing, the court denied benefits. A motion for a new trial was filed by the claimant, which was denied. The claimant appeals from that judgment.
The case involves these facts: Claimant was employed by the Holy Name of Jesus Hospital as a part-time nursing assistant for approximately sixteen months. The claimant was informed when she was hired that she would be scheduled to work only when needed and that the number of hours she Would work would vary from week to week. The claimant worked between thirty-two and sixty hours per two-week pay period for sixteen months.
The claimant lives in a federally subsidized housing project in which the amount of rent is determined by estimated annual income, as reported by the resident’s employer. The work schedule for the pay period beginning September 10, 1984, had the claimant scheduled to work only sixteen hours. As a result, the claimant contacted her employer and requested that the employer submit a report to the Housing Authority that she would only be working one day a week. The employer refused to submit such a report, since the number of hours she worked varied from week to week and depended on the needs of the employer. After working the first of the two scheduled days in the pay period and after the employer refused to give a statement reflecting the reduced income, the claimant voluntarily terminated her employment.
The issue on appeal is whether the claimant’s voluntary termination of employment was for good cause connected with her work under § 25-4-78(2), Code of Alabama *439 1975. The claimant contends on appeal that a reduction in her hours from thirty-two to sixty hours per two-week pay period to sixteen hours per two-week pay period represents a substantial reduction in earnings, and, therefore, her voluntary termination of employment was for good cause.
When a case is heard ore tenus, the findings of the court are presumed to be correct unless shown to be contrary to the great weight of the evidence. Davis v. Prestwood, 381 So.2d 85 (Ala.Civ.App.1980). The claimant has the burden of showing his lack of disqualification under § 25-4-78. James v. Riddle, 432 So.2d 563 (Ala.Civ.App.1983). Section 25-4-78(2), Code of Alabama 1975 provides:
“An individual shall be disqualified for total or partial unemployment:
[[Image here]]
“(2) VOLUNTARILY QUITTING WORK. — If he has left his most recent bona fide work voluntarily without good cause connected with such work.”
This section requires an employee to terminate employment for a reasonable cause, a cause that is material and substantial under the circumstances. State of Alabama, Department of Industrial Relations v. Prance, 369 So.2d 289 (Ala.Civ.App.1979). A substantial reduction in earnings is regarded as good cause for leaving one’s employment. Tombigbee Lightweight Aggregate Corp. v. Roberts, 351 So.2d 1388 (Ala.Civ.App.1977).
The court heard and saw the witnesses testify, and it was for the court to say whether the claimant had sustained her burden of proving that she had good cause to leave her employment. The testimony reveals that the claimant was aware that as a part-time employee the number of hours she would be scheduled to work would vary from week to week. During the claimant’s employment, she experienced a varying number of assigned work hours. There was evidence presented that the employer refused to sign a statement for the Housing Authority because the claimant was subject to being called in to work more than she was scheduled to work and because the claimant would possibly be scheduled to work a greater number of hours in the following two-week pay period. Furthermore, there was conflicting evidence presented as to whether or not the employee had requested that her hours be cut. The court found that claimant voluntarily left work with the employer without good cause, and we cannot say that the great weight of the evidence preponderates against such a finding. We therefore affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.