**Jarice L. SIMONSON, Relator,**

v.

**THIN FILM TECHNOLOGY CORPORA- TION, Department of Jobs and Training, Respondents.**

No. C9–86–768.

Court of Appeals of Minnesota.

Aug. 26, 1986.

Robert J. Winzenburg, Mankato, for relator.

Daniel E. Wall, Roseville, for Thin Film Technology Corp.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for Department of Jobs and Training.

Considered and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This appeal challenges the decision that a quit based on a job reassignment was not

for good cause attributable to the employer. We affirm.

## FACTS

Relator was employed by Thin Film Technology Corporation beginning in 1982. She started out as a factory worker, but later she worked in the plant office, taking care of purchasing, controlling inventory, and performing other administrative duties.

Relator's monthly salary in June 1985 was $1085, but she and some other key staff were designated "co-supervisors" and paid an additional $200 per month. As a co-supervisor, relator was required to attend regular Friday morning policy meetings. Her co-supervisory status reflected the fact that her job assignment required a high level of responsibility; an error in purchasing or inventory calculation could shut down the plant.

After relator's leave of absence during July and August 1985, she was informed that she would initially be assigned to replace a factory worker while that employee was on a short-term leave, and that in this position she would not be paid the $200 per month salary for co-supervisors. Relator refused to return to work in this position.

Relator applied for unemployment compensation benefits, and a referee determined that she had voluntarily discontinued her employment with good cause attributable to her employer. The referee reasoned that Thin Film's actions were unreasonable, since the company could have used temporary help and other employees to keep relator's position open. The referee concluded that "[t]he drastic change in wages and working conditions would clearly be unacceptable to any reasonable person."

The employer appealed, and a Commissioner's representative reversed, stating that Twin Film had acted reasonably and had reserved in its employment agreement the power to rotate work assignments. The representative concluded that relator had quit in September 1985 without good cause attributable to her employer. Relator appeals from that decision.

## ISSUE

Did relator quit for "good cause attributable to the employer?"

## ANALYSIS

An employee who has voluntarily discontinued his or her job is not entitled to receive unemployment compensation benefits unless it is determined that the employee quit with "good cause attributable to the employer." Minn.Stat. § 268.09, subd. 1(1) (1984). The employee has the burden of establishing that the separation was for good cause attributable to the employer. *Zepp v. Arthur Treacher Fish & Chips, Inc.*, 272 N.W.2d 262 (Minn.1978). The test for determining "good cause" has been defined as:

> whether the employee's reason for quitting was compelling, whether it was real and not imaginary, substantial and not trifling, reasonable and not whimsical or capricious.

*Ferguson v. Department of Employment Services*, 311 Minn. 34, 44, 247 N.W.2d 895, 900 (1976).

Relator claims that her separation from employment was with good cause attributable to Thin Film because she was not offered the same job or rate of pay upon her return from her leave of absence.

As relator argues, several cases suggest that good cause to quit may be evident because of the adverse effects of changes in work assignments or compensation. *See Scott v. The Photo Center, Inc.*, 306 Minn. 535, 235 N.W.2d 616 (1975) (25 percent reduction in wages); *McBride v. LeVasseur*, 341 N.W.2d 299 (Minn.Ct.App.1983) (unilateral 30 percent pay reduction); *Marty v. Digital Equipment Corp.*, 345 N.W.2d 773 (Minn.1984) (change of policy forcing reassignment with reduced grade and wages). However, these cases deal with changes unilaterally imposed by the employer. The cause for quitting may not be attributable to the employer if changes are explained by the employee's agreement or a change in the employee's circumstanc-

es. *See Derdoski v. Peck, Inc.*, 302 Minn. 306, 224 N.W.2d 517 (1974) (being unable to return at the agreed expiration date for a leave, an employee has no further cause to demand prior job).

Relator contends and the Commissioner's referee agreed that the job offered to her in September 1985 was much less satisfactory than the position she had in June. At least temporarily, relator was asked to take a factory job and to accept a 16 percent pay decrease. The Commissioner concluded, however, that the employer reasonably reassigned relator in light of its need to fill key positions with permanent employees.

More importantly, the Commissioner found that rotation of positions was an accepted part of Thin Film's relationship with its employees. The company employment contract expressly rejected the permanence of job placements and relator acknowledged that she knew positions in the plant were not guaranteed. Moreover, relator knew during the time of her leave that her absence, which was certainly appropriate, created added pressure for many personnel changes.

Relator disputes as a matter of fact that her co-supervisor status and pay flowed with a certain job assignment. She asserts that her pay increase was nothing other than merit pay. The Commissioner found that her status was in connection with her particular responsibilities, and that finding is sufficiently supported by the evidence.

Relator testified that co-supervisors were nearly all in positions where they supervised others. Evidence indicated they were chosen based on the role they had in directing the work of others and seeing to it that the company plant was productive. Relator acknowledged that there was a close relationship between the co-supervisor status and the responsibilities of certain jobs. While the status was not formally defined, we cannot find the Commissioner viewed it erroneously.

We conclude there is evidence here reasonably tending to sustain the Commissioner's finding that relator terminated her employment without good cause attributable to the employer. When findings are so supported, we must affirm. *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983).

### DECISION

The Commissioner did not err in finding that relator quit her employment without good cause attributable to her employer.

Affirmed.